# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JEFF JONES,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0066** (BOR Appeal No. 2046148)
(Claim No. 2009091014)

**JOSEPH R. SARGENT AND DANIEL S. BISHOP,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeff Jones, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Joseph R. Sargent and Daniel S. Bishop, by James Heslep, their attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a July 7, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 25, 2011, decision denying Mr. Jones's request for the medications Opana and Xanax. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jones worked as a coal truck driver for D & J Trucking, Inc. On May 13, 2009, Mr. Jones suffered an injury to his back, head, and body when the brakes went out on a coal truck he was driving, causing him to hit another truck and flip his vehicle onto the driver's side. The claim was originally held compensable for a lumbar sprain/strain. The conditions of displaced lumbar vertebral disc and fracture of the lumbar vertebra were added later as compensable. On December 21, 2010, Dr. Werntz requested authorization for Opana and Xanax for three months. On January 10, 2011, Dr. Mukkamala recommended that the medications Opana and Xanax be denied because the use of the narcotics exceeded the West Virginia Code of State Rules § 85-20

1

(2006) treatment guidelines, and the evidence shows that Mr. Jones had been taking at least one narcotic prior to the compensable injury.

The Office of Judges affirmed the claims administrator's decision, and held that the medications Opana and Xanax are not medically necessary and reasonable to treat the subject injury. On appeal, Mr. Jones disagrees and asserts that Dr. Werntz prescribed the Opana for better pain control, and that Dr. Mukkamala and the Office of Judges failed to consider that he was suffering from an unsuccessful back surgery and is actively seeking authorization for a second surgery.

The Office of Judges concluded that Mr. Jones's request for Opana comes over three months after his surgery and clearly exceeds the treatment guidelines of West Virginia Code of State Rules § 85-20-53.14a. It also determined that Mr. Jones failed to submit sufficient evidence to prove this is an extraordinary circumstance under West Virginia Code of State Rules § 85-20-4.1 because there is little or no objective evidence that this medication has rendered effective relief of symptoms in the past. Further, the Office of Judges found that Mr. Jones already had an active prescription for at least one narcotic prior to the compensable injury.

The Office of Judges concluded that the request for Xanax came within the six month period allowed by West Virginia Code of State Rules § 85-20-53.14d, but denied the request because Dr. Werntz did not provide any explanation as to why this medication was being prescribed. The Office of Judges held that the preponderance of the evidence failed to show that the medications Opana and Xanax are medically related and reasonably required treatment for the compensable injury. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum